**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-4499**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARTIN LUIS VASQUEZ,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  N. Carlton Tilley, Jr.,
Chief District Judge.  (CR-03-357)

_____

Submitted:  June 30, 2005          Decided:  July 20, 2005

_____

Before NIEMEYER, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed in part; vacated and remanded in part by unpublished per
curiam opinion.

_____

Louis C. Allen, III, Federal Public Defender, Gregory Davis,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant.  Kearns Davis, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Martin Luis Vasquez appeals his sentence of 292 months' imprisonment that was imposed pursuant to his conviction for conspiracy to distribute in excess of fifty grams of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A) (2000). Vasquez' counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious issues, but, citing Blakely v. Washington, 124 S. Ct. 2531 (2004), asserting that the district court erred when it: (1) determined the quantity of drugs upon which Vasquez' offense level was calculated; (2) failed to grant a two-level reduction for acceptance of responsibility; and (3) applied a two-level adjustment for obstruction of justice. Counsel expanded upon these issues in a supplemental brief, contending that, in light of the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), Vasquez' Sixth Amendment rights were violated when his sentence was imposed based on facts that were not alleged in the indictment, found by the jury or admitted by Vasquez.

Because Vasquez did not object to his sentence in the district court based on Blakely or Booker, this Court's review is for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). To demonstrate plain error, Vasquez must establish that error occurred, that it was plain, and that it affected his

- 2 -

substantial rights.  Id. at 547-48.  If a defendant establishes these requirements, the Court's "discretion is appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  Id. at 555 (internal quotation marks and citation omitted).

Although we find that the district court did not err when it granted the two-level enhancement for obstruction of justice and denied the two-level reduction for acceptance of responsibility, we conclude that the court's findings regarding drug quantity violate the mandate that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[1]  Booker, 125 S. Ct. 738, 748 (2005) (quoting Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)).  In accordance with Anders, we have also reviewed the entire record in this case and have found no other meritorious issues for appeal.

Accordingly, we affirm Vasquez' conviction, vacate his sentence and remand for resentencing consistent with Booker.[2]  We

---

[1]Just as we noted in Hughes, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Vasquez' sentencing.

[2]Although the United States Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when

- 3 -

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART

---

sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. See Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence. Id. If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000). Id. The sentence must be "within the statutorily prescribed range . . . and reasonable." Id. at 546-47.