**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4138**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARTIN LUIS VASQUEZ,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. N. Carlton Tilley, Jr., Chief District Judge. (1:03-cr-00357-NCT-3)

———————

Submitted: July 28, 2006          Decided: August 23, 2006

———————

Before NIEMEYER, WILLIAMS, and MICHAEL, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen, III, Federal Public Defender, Gregory Davis, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Kearns Davis, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Martin Luis Vasquez appeals his resentencing following this court's remand. See United States v. Vasquez, 142 F. App'x 676 (4th Cir. 2005) (unpublished). For the reasons stated below, we affirm Vasquez' 292-month sentence.

Vasquez pled guilty to conspiracy to distribute in excess of fifty grams of a mixture and substance containing a detectable amount of methamphetamine. The presentence report recommended a base level offense of thirty-eight pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(c)(1) (2003) (Drug Quantity Table), adjusted upward two levels for obstruction of justice, for a total offense level of forty. Based on a total offense level of forty and a criminal history category of I, the guidelines range for imprisonment was 292 to 365 months. The district court adopted the findings of the presentence report and sentenced Vasquez to the low end of the guidelines range, 292 months' imprisonment.

We vacated Vasquez' sentence and remanded for resentencing because the district court's findings regarding drug quantity violated United States v. Booker, 543 U.S. 220 (2005). On remand, the district court resentenced Vasquez to the same 292-month term of imprisonment. Vasquez appealed, and his attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), questioning whether Vasquez' sentence was reasonable under Booker. Vasquez was informed of the opportunity to file a pro se

supplemental brief, but declined to do so.  The Government did not file a responding brief.

After <u>Booker</u>, a sentencing court is no longer bound by the range prescribed by the sentencing guidelines.  <u>See</u> <u>United States v. Hughes</u>, 401 F.3d 540, 546 (4th Cir. 2005).  In a post-<u>Booker</u> sentencing, district courts must calculate the appropriate guideline range, consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), and impose a sentence.  <u>United States v. Green</u>, 436 F.3d 449, 455-56 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2309 (2006).  However, a "district court need not explicitly discuss every § 3553(a) factor on the record."  <u>United States v. Eura</u>, 440 F.3d 625, 632 (4th Cir. 2006) (citation omitted), <u>petition for cert. filed</u>, ___ U.S.L.W. ___ (U.S. June 20, 2006) (No. 05-11659).  A sentence imposed within the properly calculated guidelines range is presumptively reasonable.  <u>Green</u>, 436 F.3d at 457; <u>see</u> <u>United States v. Johnson</u>, 445 F.3d 339, 341-44 (4th Cir. 2006) (discussing justifications for finding sentence within properly calculated advisory guidelines range presumptively reasonable).

Vasquez' 292-month sentence is within the properly calculated advisory guideline range and below the forty-year statutory maximum set forth in 21 U.S.C. § 841(b)(1)(B).  In sentencing Vasquez, the district court considered the nature and

seriousness of the offense, particularly the significant drug quantity attributed to Vasquez. <u>See</u> 18 U.S.C.A. § 3553(a)(1),(2)(A). Acknowledging that Vasquez did not have any extensive criminal history, <u>see</u> § 3553(a)(1), the court stated the length of Vasquez' sentence was meant to be a deterrent, to protect the public from future criminal conduct and to protect the public from the perjury committed by Vasquez. § 3553(a)(2)(A),(B),(C). The court considered Vasquez' explanation for his perjury as a mitigating factor, but found that nearly two years after trial, Vasquez provided no evidence to corroborate his claims that anyone was threatened or harmed as a result of his decision to tell the truth. We therefore find the sentence imposed by the district court was "selected pursuant to a reasoned process in accordance with the law." <u>Green</u>, 436 F.3d at 457.

Accordingly, we affirm Vasquez' sentence. As required by <u>Anders</u>, we have reviewed the record and have found no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
